UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FISHER & PAYKEL HEATHCARE LIMITED, a New Zealand corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>RESMED CORP., a Minnesota corporation,<br><br>    Defendant. | Case No. 16-cv-2068 DMS (WVG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO LIFT THE STAY** |

This case comes before the Court on Plaintiff Fisher & Paykel's motion to lift the stay on a portion of the present proceedings. Defendant ResMed filed an opposition to the motion, and Plaintiff filed a reply. For the reasons discussed below, Plaintiff's motion is denied.

## I.

## BACKGROUND

The present case was filed on August 16, 2016. In the Complaint, Plaintiff alleges Defendant is infringing nine of its patents. On September 7, 2016, Defendant filed an Answer and Counterclaim. In the Counterclaim, Defendant asserts claims for declaratory judgment of noninfringement, invalidity of Plaintiff's patents, and infringement of seven of its patents. On October 3, 2016, Plaintiff filed an Answer

to the Counterclaims and Counterclaims for declaratory judgment of noninfringement and invalidity of Defendant's patents.

On September 7, 2016, Defendant filed 15 petitions for *inter partes* review ("IPR") with the Patent Trial and Appeal Board ("PTAB"), seeking review of the validity of Plaintiff's nine asserted patents. Defendant moved to stay litigation on Plaintiff's patents pending resolution of its requests for IPR, and the Court granted that motion.

On October 6, 2016, Plaintiff filed a motion to stay Defendant's counterclaims on two of its patents pending proceedings before the United States International Trade Commission ("ITC") on those patents. Defendant did not oppose that motion, and the Court granted the request to stay that portion of this case on November 17, 2016.

Thereafter, between October 11, 2016 and January 9, 2017, Plaintiff filed 15 petitions for IPR with the PTAB, seeking review of the validity of Defendant's seven asserted patents. In light of those petitions, the parties jointly moved to stay the remainder of the case, and the Court granted that motion on January 13, 2017.

To date, the PTAB issued its decisions on Defendant's petitions. The PTAB declined to institute IPR on some or all claims of the '902, '641, '345, '807, and '741 Patents, and instituted IPR on all claims of the remaining patents. A final written decision on the IPRs is expected from the PTAB by March 2018. As to Plaintiff's petitions, the PTAB issued its decisions on only six petitions, declining to institute IPR on some or all claims of the '196, '931, and '316 Patents. The parties expect the PTAB to decide the remaining petitions by July 27, 2017.

On March 24, 2017, Plaintiff filed a motion to lift the stay only as to its claims for infringement of the '902, '641, '345, '807, and '741 Patents on which IPRs were not instituted.

/ / /

/ / /

## II.

## DISCUSSION

When an IPR petition is pending or granted, a court has the discretion to stay the underlying lawsuit. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."). "The same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 75 (D.D.C. 2002). A court may lift the stay when "[p]etitioners no longer satisfy the standard for issuance of a stay." *Ala. Survival v. Surface Transp. Bd.*, 704 F.3d 615, 616 (9th Cir. 2012). District courts in the Ninth Circuit consider three factors in determining whether a stay pending IPR is appropriate. Those factors are: "'(1) the stage of litigation; (2) whether a stay would cause undue prejudice or present a clear disadvantage to the non-moving party; and (3) whether a stay will simplify the issues in question and the trial of the case.'" *Palomar Techs., Inc. v. Mrsi Sys., LLC*, No. 15-CV-1484 JLS (KSC), 2016 WL 4496839, at *1 (S.D. Cal. June 14, 2016) (quoting *Sorensen v. Giant Int'l (USA) Ltd.*, Nos. 07cv2121 et al., 2009 WL 5184497, at *2 (S.D. Cal. Dec. 21, 2009)).

### A.   Stage of Litigation

Plaintiff does not dispute the first factor, stage of litigation, weighs in favor of maintaining the stay. In previously granting a stay, the Court noted it has not scheduled an Early Neutral Evaluation Conference, and the parties have yet to conduct any discovery. As the stage of the litigation has not advanced since the stay was issued, this factor weighs in favor of maintaining the stay.

### B.   Undue Prejudice to Plaintiff

The next factor is whether the continued imposition of the stay would unduly prejudice or present a clear disadvantage to Plaintiff. Plaintiff contends it will suffer

undue prejudice if the Court does not lift the stay. In support, Plaintiff relies on the parties' relationship as direct business competitors. The Court, however, previously considered this argument when it originally granted the stay, finding that Plaintiff will not suffer irreparable harm from a stay: "[T]here is no dispute the parties are direct business competitors. However, Fisher & Paykel fails to present any evidence or argument as to why that relationship would cause it to suffer harm that would not be compensable by money damages. In the absence of such a showing, the prejudice factor does not weigh against the imposition of a stay." (ECF No. 27, at 6.) The Court's ruling remains applicable to the present context.

Plaintiff also contends continuing the stay as to the non-instituted claims related to its patents may delay the final resolution of those claims. However, "[m]ere delay, without more though, does not demonstrate undue prejudice." *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, No. C 06-2252SBA, 2007 WL 627920, at *3 (N.D. Cal. Feb. 26, 2007); *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) ("[T]he likely length of reexamination is not, in itself, evidence of undue prejudice."). Because Plaintiff has not presented any evidence demonstrating undue prejudice, this factor also weighs in favor of continuing the stay.

C.   **Simplification of Issues and Trial**

The final factor for consideration is whether continuance of the stay will simplify the issues and streamline the litigation. Plaintiff seeks to lift the stay as to only the non-instituted claims related to its patents, arguing that continuing the stay will not result in simplification of issues for trial. The Court, however, is unpersuaded by Plaintiff's argument. It makes little sense to proceed on only the non-instituted claims as to Plaintiff's asserted patents pending the outcome of the PTAB's proceedings as to the instituted claims. Should the PTAB cancel or modify any of the asserted claims as to Plaintiff's patents, this will likely narrow and simplify the present case. Even if the PTAB affirms the validity of every asserted

claim, the case would be simplified because "such a strong showing would assist in streamlining the presentation of evidence and benefit the trier of fact by providing the expert opinion of the PTO." *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-CV-01356-EJD, 2014 WL 116340, at *4 (N.D. Cal. Jan. 13, 2014). Indeed, as Defendant contends, "the PTAB's determinations in the instituted IPRs [as to Plaintiff's patents] may aid this Court in addressing prior art and claim construction issues associated with asserted patents even where IPR was not instituted."[1] (Mem. of P. & A. in Opp'n to Mot. at 7.)

Moreover, judicial economy does not warrant allowing the parties to resume litigation only on some of Plaintiff's patents now, and then later, resume litigation on its remaining patents and Defendant's patents. Staying the case pending the outcome of the IPR proceedings involving the instituted claims as to both Plaintiff's and Defendant's patents could simplify the case by rendering some of the infringement claims or counterclaims moot, estopping parties from asserting any arguments they raised or reasonably could have raised in the IPR, and providing the Court with the PTAB's expert opinion on claims at issue. *See Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. C–94–20775, 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995) ("waiting for the outcome of the [IPR] could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims."). Because lifting the stay as to a portion of the case would instead significantly complicate the issues in this action and lead to inefficiency for both parties and the Court, this factor weighs in favor of continuing the stay.

/ / /

/ / /

---

[1] For example, Defendant contends the technology of the '902 patent, as to which IPR was instituted, is similar to the technology of the '345 patent, as to which IPR was not instituted.

# III.
# CONCLUSION

Because all three factors support maintaining the stay, the Court denies Plaintiff's motion to lift stay of these proceedings.

Dated: May 22, 2017

_____
Hon. Dana M. Sabraw
United States District Judge